IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff | : : : : | CIVIL ACTION |
| v. | : : | NO. 98-4820 |
| HOWARD STEIN, Defendant | : : | |

## MEMORANDUM

Howard Stein purchased a long-term disability income insurance policy (the "Policy") from Northwestern in 1986. The Policy (No. D489744) provided for three types of disability benefits: a Proportionate Benefit for Partial Disability, Full Benefit for Total Disability, and Lifetime Benefit for Presumptive Disability. In June 1995, Mr. Stein began experiencing pain and numbness in his shoulder, arm, and hands. He submitted a claim for total disability benefits under § 1.2 of the Policy in December 1995. After extensive negotiations and investigations, the specifics of which are not relevant to the instant Petition, in November 1997 Northwestern agreed to retroactively pay total disability benefits to Mr. Stein.[1] In May 1998, Mr. Stein's physician sent Northwestern additional information about the status of his disability. In response, Northwestern requested that Mr. Stein submit the following: (1) Request for Disability Benefits Forms on a quarterly basis; (2) Attending Physician Statements, completed by a physician who

---

[1] By the end of the benefits period, in 2000, the total amount of benefits paid to Mr. Stein was $174,036.

had treated him within thirty days of the completion of the form, on a semi-annual basis; (3) federal income tax returns on an annual basis; (4) written authorization to obtain medical and employment records on an annual basis; (5) a description of current job duties, hours of work, and rates of pay within thirty days of any change of employer or circumstance of employment; and (6) consent to an evaluative medical exam by a Northwestern-chosen physician at Northwestern's cost on an annual basis.  Mr. Stein refused to agree to these additional requirements.

Northwestern then initiated this declaratory judgment action, in 1998, and Mr. Stein counterclaimed.  In his counterclaims, Mr. Stein contended that Northwestern breached their contractual obligations under the Policy by failing to administer the claim in a timely and proper way, acted in bad faith, 42 P.S. § 8371, and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq.

In March 2005, Northwestern offered to settle this action by withdrawing its claims if Mr. Stein would withdraw his counterclaim and relinquish his Northwestern disability policy.  Mr. Stein agreed in writing.  Northwestern then sent a proposed agreement which Mr. Stein felt contained additional terms.  Mr. Stein refused to agree to the terms of the revised settlement, and specifically objected to certain elements of the proposed agreement.  When Northwestern attempted to address Mr. Stein's objections, Mr. Stein refused to consider any more drafts.

Settlement agreements are to be construed using general principles of contract law. *See, e.g., Miller v. Clay Twp.*, 555 A.2d 972, 974 (Pa. Commw. Ct. 1989). Where two parties have come to an agreement, it is immaterial whether the agreement is formalized in writing. *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. Super. 1999). If the parties agree on the essential terms of an agreement, a court can enforce those terms regardless of whether the agreement has been reduced to writing. *Felix v. Giuseppe Kitchens & Baths, Inc.*, 848 A.2d 943, 947 (Pa. Super. 2004); *see also McCune v. First Judicial Dist. of Pa. Prob. Dept.*, 99 F.Supp.2d 565, 566 (E.D.Pa. 2000) ("District Court has jurisdiction to enforce a Settlement Agreement entered into by the parties in the case pending before it.").

The correspondence of March 4, 2005, from counsel for Northwestern to Mr. Stein, and the letter of March 21, 2005, from Mr. Stein to counsel for Northwestern, evidences an agreement reached between the parties to settle all the claims. In the letter of March 4, Northwestern proposed a settlement of all claims: "[W]e would propose on behalf of Northwestern Mutual that the case be settled in its entirety. This would be accomplished by Northwestern Mutual giving up its claims for reimbursement, costs and attorneys fees and by you relinquishing your policy of disability insurance and withdrawing your appeal." Ltr of 3/4/05 from Dean Murtagh, Esq., to Howard Stein. Mr. Stein stated, in his March 21 response, that "[w]ithout conceding the merits of any of your claims or the validity of your predictions as to any future outcomes, I am prepared to

terminate this litigation according to the terms of your referenced letter." Ltr of 3/21/05 from Howard Stein to Dean Murtagh, Esq.

I find that the letters are clear, unambiguous manifestations of the parties' intentions as to the resolution of this litigation. Mr. Stein agreed to give up his disability policy and withdraw his counterclaim in exchange for Northwestern's withdrawal of its claims for reimbursement, costs and attorney fees. There was an offer, an acceptance and consideration. I therefore will enforce the settlement as to those essential terms.

Northwestern seeks to enforce the proposed settlement agreement with all terms contained in the revised draft, sent to Mr. Stein on July 12, 2005. Though the terms were reasonable, Mr. Stein did not agree to the revised agreement. As a result, the additional terms are not incorporated into the settlement as it is now enforced. This court can only enforce a settlement to the extent that the parties agreed to the terms. *Mazzella*, 739 A.2d at 537. The agreed-upon terms of the settlement are that Northwestern Mutual will withdraw, and is hereby considered to have withdrawn, its claims for reimbursement, costs and attorneys' fees. In return, Mr. Stein will relinquish his Northwestern D489744 Disability Policy and withdraw, and is hereby considered to have withdrawn, his counterclaim under the policy. An appropriate Order follows.

# **ORDER**

**AND NOW**, this      day of December, 2005, upon consideration of Plaintiff Northwestern Mutual Insurance Company's Petition to Enforce Settlement, the response thereto, and oral argument by both parties, it is hereby **ORDERED** that the Petition is **GRANTED**.

Northwestern Mutual will withdraw its claims for reimbursement, costs and attorneys' fees asserted in this case, and is hereby deemed to have withdrawn its claims for reimbursement, costs and attorneys' fees.

Howard Stein will relinquish his Northwestern D489744 Disability Policy, effective immediately, and withdraw his counterclaim under the Policy, and is hereby deemed to have relinquished his Northwestern D489744 Disability Policy and withdrawn his counterclaim under the Policy.

There are no claims or counterclaims remaining.

The clerk of court is directed to close this case for statistical purposes.

_____
Stengel, J.